UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP R. TILLIE,

        Plaintiff,                  Case Number: 2:23-10975
                                                  Honorable Nancy G. Edmunds

v.

BIDDINGER AND STEVENSON,

        Defendants.
_____/

**OPINION AND ORDER OF PARTIAL DISMISSAL**

        Plaintiff Phillip R. Tillie, a Michigan prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983. Tillie alleges that defendants violated his rights under the First, Eighth, and Fourteenth Amendments. He names two defendants, corrections officer Biddinger and Lieutenant Stevenson, both of whom are employed at the St. Louis Correctional Facility. He names both defendants in their official and personal capacities and seeks monetary damages.

        For the reasons set forth, the Court dismisses Plaintiff's Fourteenth Amendment due process claim because he fails to show that defendants' actions implicated a protected liberty interested. The Court also dismisses Plaintiff's claims for monetary damages against defendants in their official capacities based on Eleventh Amendment immunity.

**I. Standard**

        Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is

required to sua sponte dismiss an in forma pauperis complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. The Complaint

Plaintiff is currently incarcerated at the Oaks Correctional Facility in Manistee, Michigan. The events about which he complains occurred at the St. Louis Correctional Facility in St. Louis, Michigan.

Plaintiff states that, on January 28, 2023, he was having trouble breathing while at a religious service because he suffers from chronic asthma. (ECF No. 1, PageID.7.) He attempted to leave the service so he could get his fast-acting inhaler. (*Id.*) He claims defendant corrections officer Biddinger would not allow him to access his inhaler. (*Id.*) Biddinger then said he would teach Plaintiff a lesson about filing grievances and filed a false misconduct report against Plaintiff. (*Id.*)

Plaintiff further alleges that defendant Lieutenant Stevenson was a hearing officer for several different misconduct hearings. (*Id.*) Plaintiff alleges that, each time, defendant Stevenson refused to allow Plaintiff to provide a statement and violated other procedural requirements applicable to misconduct hearings. (*Id.*) Stevenson found Plaintiff guilty without reviewing the evidence and imposed the maximum sanctions for each misconduct. (*Id.*) Plaintiff states that Stevenson took these adverse actions in retaliation for grievances filed by Plaintiff. (*Id.*) He claims Stevenson made multiple statements about the grievances, including these: "I'm going to teach you about filing grievances [and] PREA's on my staff" and "When I'm done with you, you'll never file another grievance." (*Id.*) In total, Stevenson sentenced Plaintiff to 90 days of loss of privileges. (*Id.* at 8.)

## III. Discussion

Plaintiff claims that his Fourteenth Amendment right to due process was violated because defendant Biddinger wrote false misconduct tickets against him and defendant Stevenson failed to follow proper procedures at the hearings.

3

The Fourteenth Amendment's Due Process Clause protects individuals against the deprivation of life, liberty, or property without due process. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "[T]hose who seek to invoke its procedural protection must establish that one of these interests is at stake." *Id.* An inmate does not have a protected liberty interest in connection with prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 486-87 (1995).

First, Plaintiff does not allege that the results of the prison disciplinary proceedings would inevitably affect the duration of his sentence. Second, the sanction of 90 days loss of privileges was not an "atypical and significant" hardship in relation to the ordinary incidents of prison life. *See Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003). To the extent part or all of the 90-day sanction resulted in placement in segregation, Plaintiff also fails to state a due process violation. Placement in segregation generally does not amount to an atypical or significant hardship on a prisoner because segregation "is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt v. Helms*, 459 U.S. 460, 467-73 (1983). Placement in segregation can amount to an atypical and significant hardship only in extreme circumstances. *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010). Here, Plaintiff makes no allegations about the conditions he faced in segregation that would suggest it was atypical and significant. Plaintiff's claim that he was not allowed family visits while

in segregation does not amount to an atypical and significant hardship because restrictions on prison visitations do not constitute an atypical and significant deprivation to the normal incidents of prison life. *See Macedon v. California Department of Corrections*, 67 F. App'x 407, 408 (9th Cir. 2003) ("A refusal to permit an inmate family visits does not impose an atypical and significant hardship; rather, an inmate's inability to visit with home he wishes is an 'ordinary incident of prison life'.") (quoting *Sandin*, 515 U.S. at 485); *Cook v. Cook*, No. 94-2679, 1997 WL 121207 (6th Cir. March 14, 1997) (affirming district court's finding of no state-created liberty interest in visitation); *Dusenbery v. Graves*, No. 94–3054, 1994 WL 548839 (6th Cir. 1994) (inmates have no protected liberty interest in visitation from family members). Accordingly, the Court dismisses Plaintiff's Fourteenth Amendment claim.

Plaintiff sues the defendants in their personal and official capacities. The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Department of State Police*, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity applies "regardless of the nature of the relief sought," *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100-01 (1984), and "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments by citizens of another state, foreigners or its own citizens." *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (internal citations omitted).

"The state of Michigan ... has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983.  *Will*, 491 U.S. at 66.  Suits against state employees in their official capacities are the same as suits against the state itself.  *Id.* at 71.  The defendants, who are employees of the State of Michigan, are entitled to Eleventh Amendment immunity on all claims for relief asserted against them in their official capacities.  *Will*, 491 U.S. at 70-71.

### III. Order

For these reasons, the Court DISMISSES Plaintiff's Fourteenth Amendment due process claim and his claims against defendants in their official capacities.  Plaintiff's remaining claims survive the Court's initial screening.

SO ORDERED.

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated:  May 2, 2023