UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP TILLIE,

    Plaintiff,

v.

JORDAN BIDDINGER and
TERRY STEVENSON,

    Defendants.
_____/

Case No: 23-10975

Honorable Nancy G. Edmunds
Magistrate Judge David R. Grand

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S MAY 9, 2025 REPORT AND RECOMMENDATION [47] AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [40]**

Plaintiff Phillip Tillie, an incarcerated person, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Jordan Biddinger and Terry Stevenson for alleged violations of his First and Eighth Amendment rights.[1] (ECF No. 1.) The matter is before the Court on Defendants' motion for summary judgment. (ECF No. 40.) Plaintiff has filed a response (ECF No. 44), and Defendants have filed a reply (ECF No. 45). For his First Amendment claim against Defendant Biddinger, Plaintiff alleges Defendant Biddinger would not allow him to leave a religious service to retrieve his inhaler without removing himself from the religious services callout list out of retaliation for Plaintiff filing a grievance against another officer and threatening to file one against Defendant Biddinger. (ECF No. 1, PageID.7.) Plaintiff alleges Defendant Stevenson retaliated against him for previously filing a grievance against a prison official

---

[1] Plaintiff's complaint also included money damages claims for Fourteenth Amendment due process violations, but these were dismissed. (ECF No. 6.)

1

during three misconduct hearings by finding him guilty, giving excessive punishments, and, at the latter two, refusing to accept his written statements explaining his innocence. *Id.* As for his Eighth Amendment claim, Plaintiff alleges Defendant Biddinger was deliberately indifferent to a serious medical need by not freely allowing him to leave the service to retrieve his inhaler. *Id.*

All pretrial matters for this case have been assigned to Magistrate Judge David R. Grand. (ECF No. 18.) Thus, also before the Court is the Magistrate Judge's May 9, 2025 report and recommendation to grant in part and deny in part Defendants' motion. (ECF No. 47.) The Magistrate Judge recommends granting summary judgment on Plaintiff's Eighth Amendment claim and on Plaintiff's retaliation claim against Defendant Stevenson for the first misconduct hearing but denying summary judgment on Plaintiff's other retaliation claims. *Id.* Defendants object to the aspects of the Magistrate Judge's report that recommend denying summary judgment for the rest of Plaintiff's retaliation claims. (ECF No. 48, PageID.458.) For the reasons that follow, the Court ACCEPTS and ADOPTS the Magistrate Judge's report and recommendation and OVERRULES Defendants' objections.

I.     **Background**

Plaintiff alleges the facts as follows. On January 28, 2023, he was attending a religious service when he began having trouble breathing due to his chronic asthma. (ECF No. 1, PageID.7.) Plaintiff attempted to leave the service, but Defendant Biddinger would not allow him to leave without "sign[ing] off" from his religious callout. *Id.* This would remove him from the list that enables inmates to attend religious services. *Id.* Plaintiff refused to sign off and explained he was having trouble breathing and wanted

2

to go use his inhaler. *Id.* Defendant Biddinger told Plaintiff he would sign Plaintiff off if he left, and Plaintiff threatened to file a grievance against Defendant Biddinger for his "conduct and violation of policy [and] procedure." *Id.* Plaintiff alleges Defendant Biddinger then said he would teach Plaintiff a lesson about filing grievances before he left to use his inhaler. (ECF Nos. 1, PageID.7; 44, PageID.415.) Of his condition at the time, Plaintiff testified he was "[p]robably hyperventilat[ing] just a little bit." (ECF No. 40-3, PageID.324.) Defendant Biddinger filed a misconduct report against Plaintiff for allegedly disobeying a direct order by leaving, which Plaintiff alleges was retaliation for his grievances. (ECF No. 1, PageID.7.)

Plaintiff alleges the first instance of retaliation by Defendant Stevenson occurred at a misconduct hearing on December 15, 2022. *Id.* There, he was prevented from attending the hearing by Officer Jackson before Defendant Stevenson found him guilty and sanctioned him with a loss of privileges for thirty days. *Id.* On February 1, 2023, Defendant Stevenson conducted a hearing on the report filed by Defendant Biddinger mentioned above. *Id.* Plaintiff alleges that at this hearing he attempted to give Defendant Stevenson a handwritten statement explaining the events, but Defendant Stevenson refused it. *Id.* Plaintiff protested that prison policy dictates he has a right to present a handwritten statement, to which Defendant Stevenson allegedly responded, "I don't give a fuck about your due process or policy or your evidence. I'm going to teach you about filing grievances . . . on my staff." *Id.* Defendant Stevenson allegedly falsified the hearing report by noting Plaintiff gave a verbal statement and again imposed a thirty days loss of privileges punishment after finding him guilty. *Id.* The third instance of alleged retaliation took place at a March 15, 2023 misconduct hearing. *Id.* This time,

3

Plaintiff alleges Defendant Stevenson again refused Plaintiff's handwritten statement while saying, "[n]o need for evidence, guilty, 30 days" and told Plaintiff to "suck his dick." *Id.* Plaintiff alleges Defendant Stevenson again falsified the hearing report by noting Plaintiff got "argumentative" during the hearing. *Id.*

## II.     Standard of Review

Upon receipt of a report and recommendation from the magistrate judge, a district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1). Thereafter, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

The Court is not "required to articulate all of the reasons it rejects a party's objections," if it does not sustain those objections. *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). The purpose of filing objections is to focus the district judge's "attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Thus, a party's objections must be "specific." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citations omitted). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Id.* (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

In addition, objections that merely restate arguments previously presented, do not sufficiently identify alleged errors on the part of the magistrate judge. *Senneff v. Colvin*, No. 15-cv-13667, 2017 WL 710651, at *2 (E.D. Mich. Feb. 23, 2017). An objection that does nothing more than disagree with a magistrate judge's conclusion, or

4

simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *Watson v. Jamsen*, No. 16-cv-13770, 2017 WL 4250477, at *1 (E.D. Mich. Sept. 26, 2017).

Federal Rule of Civil Procedure 56(a) provides, "[t]he court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." There is a genuine dispute of material fact when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Courts look to the applicable substantive law to determine materiality as "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will . . . preclude . . . summary judgment." *Id.* The moving party has an initial burden to inform the court of the portions of the record "which it believes demonstrate the absence of a genuine dispute of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets its burden, the non-moving party must make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322-23. To do so, the non-moving party must present enough evidence "on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. Finally, the court "consider[s] all facts and inferences drawn therefrom in the light most favorable to the nonmovant." *City of Wyandotte v. Consol. Rail. Corp.*, 262 F.3d 581, 585 (6th Cir. 2001).

**III.     Analysis**

5

At the outset, the Court notes Plaintiff has not filed any objections to the Magistrate Judge's report. "[T]he failure to object to the magistrate judge's report[] releases the Court from its duty to independently review the matter." *See Hall v. Rawal*, No. 09-10933, 2012 U.S. Dist. LEXIS 120541, at *2 (E.D. Mich. Aug. 24, 2012) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). Nonetheless, the Court has reviewed the matter and agrees with the Magistrate Judge that Plaintiff's Eighth Amendment claim against Defendant Biddinger and his retaliation claim against Defendant Stevenson as it regards the December 15, 2022 hearing should be dismissed. Where the record shows Plaintiff was "[p]robably hyperventilate[ing] just a little bit" and not presenting any more serious symptoms, him invoking his diagnosis of chronic asthma without any additional medical evidence does not present circumstances that would allow a reasonable jury to conclude he had an objectively serious medical need. (*See* ECF No. 40-3, PageID.324.) The Court also agrees with the Magistrate Judge that Plaintiff has not produced sufficient evidence that Defendant Stevenson knew Plaintiff was prevented from attending the December 2022 hearing or that Defendant Stevenson acted with any retaliatory motive during the meeting.

Similarly, with one exception regarding the Magistrate Judge citing to *Thomas v. Eby*, the Court finds Defendants' objections are duplicative of the arguments made in their motion and reply and the Court is not obligated to reassess these identical arguments. *See, e.g.*, *Owens v. Comm'r of Soc. Sec.*, No. 1:12-cv-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) ("Plaintiff's objections are merely recitations of the identical arguments that were before the magistrate judge. This Court is not obligated to address objections made in this form because the objections fail to identify

6

the *specific* errors in the magistrate judge's proposed recommendations."); *Davis v. Caruso*, No. 07-10115, 2008 WL 540818, at *2 (E.D. Mich. Feb. 25, 2008) (denying an objection to a report and recommendation where Plaintiff "merely rehash[ed] his arguments" made before the Magistrate Judge). Despite this, the Court has reviewed the record and relevant law *de novo* and finds that none of Defendants' objections have merit. The Court agrees with the Magistrate Judge's analysis on Plaintiff's retaliation claims against Defendant Biddinger and the latter two alleged instances of retaliation concerning Defendant Stevenson.

Defendant Biddinger objects to the Magistrate Judge's report on the basis that he had a "legitimate non-retaliatory reason for issuing the misconduct report" against Plaintiff. (ECF No. 48, PageID.462.) Defendant Biddinger also argues the Magistrate Judge's reliance on *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007), is misplaced because that decision followed a district court's *sua sponte* dismissal of an inmate's retaliation claim, whereas here the Court has the benefit of a record. *Id.*

Defendant Stevenson likewise objects to the Magistrate Judge's report because he had a "legitimate non-retaliatory reason" to find Plaintiff guilty and issue the punishments he did. *Id.* at 460. Defendant Stevenson argues he based the February decision on the reporting officer's report because Plaintiff refused to explain his disobedience at the hearing, and the March decision was based on the evidence presented at that hearing. *Id.* at 460-61.

The Court agrees with the Magistrate Judge, and Defendants do not object, that Plaintiff satisfies the first two elements of his First Amendment retaliation claim. (ECF No. 47, PageID.444.) The third element requires that Plaintiff show "the adverse action

7

[taken against him] was motivated at least in part by [Plaintiff]'s protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Plaintiff must show the retaliatory motive was a "but-for cause, meaning that the adverse action . . . would not have been taken absent the retaliatory motive." (ECF No. 47, PageID.441) (quoting *Nieves v. Bartlett*, 587 U.S. 391, 398-99 (2019)). Further, if Plaintiff meets his burden, the burden of production shifts to the defendant, and if the defendant "can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment." *Thaddeus-X* 175 F.3d at 399.

The Magistrate Judge's cite to *Thomas* was not in error because the principle articulated that an officer treating an inmate more harshly on a particular occasion as motivated by retaliation against protected activity despite the treatment being within prison policy satisfies the causation element is correct. (ECF No. 47, PageID.443-44.) In his analysis, the Magistrate Judge noted Plaintiff's deposition testimony that "he previously had been allowed to leave religious services on multiple occasions without being required to sign out." *Id.* at 443. Whether Defendant Biddninger's actions find a "legitimate non-retaliatory" basis in prison policy does not negate Plaintiff's evidence that he was treated more harshly due to a retaliatory motive to the extent no reasonable jury could find for Plaintiff on that issue.

Defendant Stevenson likewise misses the point that actions within policy limits can still be proscribed retaliation. Plaintiff alleges prison policy states discipline for misconduct should be progressive but received consecutive maximum punishments of thirty days loss of privileges. (ECF No. 1, PageID.7.) Defendant Stevenson does not offer proof as to why each punishment was given despite that guidance or that they

8

were not more harsh than typical for the circumstances. Moreover, Plaintiff's evidence of Defendant Stevenson's statements during the hearings raises a genuine issue of material fact that there is a causal connection between Plaintiff's protected activity and the punishments and guilty findings, and Defendant Stevenson has not put forth evidence that dispels that. The Court agrees with the Magistrate Judge's conclusion that there is a genuine issue of material fact as to whether Defendant Stevenson's actions during the hearing, including rejecting Plaintiff's written statements, were motivated by Plaintiff's protected activity.

### IV.     Conclusion

For the foregoing reasons, Defendants' objections (ECF No. 48) to the May 9, 2025 report and recommendation (ECF No. 47) are OVERRULED. The Court ACCEPTS and ADOPTS the Magistrate Judge's report and recommendation on Defendants' motion for summary judgment (ECF No. 40). Defendants' motion for summary judgment (ECF No. 40) is GRANTED IN PART and DENIED IN PART. Plaintiff's Eighth Amendment claim against Defendant Biddinger is DIMISSED. Plaintiff's First Amendment retaliation claim against Defendant Stevenson as it pertains to the December 15, 2022 hearing is DISMISSED. Plaintiff's First Amendment claims against Defendant Biddinger as well as his First Amendment claims against Defendant Stevenson arising out of the February 1, 2023 and March 15, 2023 hearings remain.

SO ORDERED.

s/ Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

9

Dated: August 12, 2025

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 12, 2025, by electronic and/or ordinary mail.

        <u>s/ Marlena Williams</u>
        Case Manager