**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**PHILLIP R. TILLIE,**

**Plaintiff,**

**v.**

**C/O BIDDINGER and LIEUTENANT STEVENSON,**

**Defendants.**

**_______________________________/**

**Case No. 23-10975**

**HON. DENISE PAGE HOOD**

**ORDER CONDITIONALLY GRANTING MOTION TO APPOINT COUNSEL (ECF No. 57) and SETTING DATES**

This matter is before the Court on Plaintiff's Motion to Appoint Counsel. The Magistrate Judge issued a Certification of Completion of Pretrial Proceedings indicating that this matter is ready for trial.

There is no right to counsel in prisoner civil rights cases. *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004) (citing, *Glover v. Johnson,* 75 F.3d 264, 268 (6th Cir.1996)). The appointment of counsel in a civil proceeding is justified only by exceptional circumstances. *Lavado v. Keohane,* 992 F.2d 601, 604–06 (6th Cir.1993). Having reviewed the motion and the history of this litigation, the Court finds exceptional circumstances exist in that discovery has been held in this matter,

Plaintiff survived a motion for summary judgment and a Certification of Completion of Pretrial Proceedings has been entered by the Magistrate Judge. Plaintiff is now ready to proceed to trial against the remaining Defendants.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Appoint Counsel **(ECF No. 57)** is GRANTED.

IT IS FURTHER ORDERED that the Case Manager refer this matter to the Pro Bono Coordinator to obtain counsel to represent Plaintiff in preparation for trial and at trial. No further discovery will be held in this matter unless Pro Bono counsel is found for Plaintiff and all counsel agree thereafter. Once Pro Bono counsel has filed an appearance, the parties must meet and confer to prepare and submit a proposed JOINT Final Pretrial Order. If no Pro Bono counsel is available to represent Plaintiff, the Court will proceed to trial without counsel for Plaintiff, with the dates noted below.

IT IS FURTHER ORDERED that the dates in this matter are stayed until November 23, 2026 to identify and assign Pro Bono counsel. The following dates thereafter govern this matter:

1) **the parties submit a proposed Joint Final Pretrial Order** as required under E.D. Mich. LR 16.2 (the witness list shall include the estimated amount of

time of testimony) by **December 21, 2026**. Pro Bono counsel, if appeared, must submit the proposed JFPTO through the CM/ECF utilities/proposed order function, otherwise, defense counsel must do so as previously ordered. If no Pro Bono counsel is available, defense counsel will initiate the proposed JFPTO.

2) **the Final Pretrial Conference date is set for January 7, 2027, 11:00 a.m**. (any trial motions in limine must be filed by this date);

3) **the Jury Trial date is set for Tuesday, January 26, 2027, 9:30 a.m.**

IT IS FURTHER ORDERED that any writ required for Plaintiff's appearances in court proceedings must be submitted to the Case Manager. The writ request must be handled by Pro Bono counsel, if appeared, otherwise, defense counsel must do so.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: September 30, 2026